IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARTHUR DILLON DBA TD ARCHERY, | : : : |
| Plaintiff, | : Case No. 2:10-CV-888 : |
| v. | : JUDGE ALGENON L. MARBLEY : |
| VILLAGE OF PIKETON, OHIO, et al., | : : Magistrate Judge Terrence P. Kemp : |
| Defendants. | : |

## ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Strike or Disregard, In Part, Affidavit of Arthur Dillon, and to Strike or Disregard Affidavit of Martina M. Dillon (Doc. 24). For the reasons that follow, Defendants' motion is **GRANTED** in part and **DENIED** in part.

### II. BACKGROUND

The Plaintiff filed his First Amended Complaint on October 8, 2010, alleging that Defendants Village of Piketon, Ohio; Billy Spencer; Ronda Clemmons; Creighton John Williams[1]; Village Council Members for the Village of Piketon, Ohio; and John Doe(s) (collectively, "Defendants") violated Plaintiff's civil rights when they removed certain signs advertising the Plaintiff's archery business (Doc. 3). Defendants filed their Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on December 3, 2010

---

[1] Defendants note that the Plaintiff misnamed Defendant Williams as "John Williams" in the Complaint.

(Doc. 18). Plaintiff responded on January 10, 2011 (Doc. 23). He submitted several documents in support of his response, including his own affidavit (Doc. 23-1 through 23-3) and the affidavit of Martina M. Dillon (Doc. 23-4). Defendants now move to strike portions of the Plaintiff's affidavit and the entirety of Ms. Dillon's affidavit (Doc. 24). The matter has been fully briefed and is now ripe for consideration by this Court.

### III. LAW AND ANALYSIS

Defendants argue that the Court should disregard or strike portions of the Plaintiff's affidavit for two independent reasons: First, Paragraph 12 of the affidavit and Exhibit 1-S, a newspaper article to which Paragraph 12 refers, should be struck and/or disregarded because they are hearsay. Second, the affidavit should be struck and/or disregarded because the Plaintiff offers matters outside the pleadings in support of his defense under Rule 12(b)(6). Defendant additionally argues that the Court should strike and/or disregard the entirety of Martina M. Dillon's affidavit because it is a matter outside the pleadings offered in support of the Plaintiff's defense under Rule 12(b)(6).

Defendants' arguments with respect to the Plaintiff's affidavit are well-taken. When considering a motion to dismiss under Rule 12(b)(6), courts should generally not consider matters outside the pleadings. *Weiner v. Klais & Co.*, 108 F.3d 86, 88-89 (6th Cir. 1997). In Rule 12(b)(1) motions based on lack of subject matter jurisdiction, in contrast, "the court is empowered to resolve factual disputes" based on evidence outside the pleadings. *Rogers v. Stratton Industries, Inc*., 798 F.2d 913, 915-916 (6th Cir. 1986). The Plaintiff in his response (Doc. 26) claims to offer Paragraph 12 and Exhibit 1-S to defend his Equal Protection claim from Rule 12(b)(6) dismissal. This evidence, therefore, is not relevant to the resolution of the

Rule 12(b)(1) motion. As for the Rule 12(b)(6) motion, the Plaintiff argues that *Rogers* entitles him to supplement the record with affidavits. *Rogers*, however, merely held that where a court relies on matters outside the record in a Rule 12(b)(6) motion, "the motion shall be treated as one for summary judgment." 798 F.2d at 915. The Plaintiff does not appear to argue that the Court should treat the Defendants' motion as one for summary judgment, which would require the Court to apply a less deferential standard to the allegations in the Plaintiff's complaint. The Court accordingly, and in its discretion, shall **GRANT** the Defendants' motion to disregard Paragraph 12 of the Plaintiff's affidavit and Exhibit 1-S.[2]

The Court declines to strike this evidence, however, because the Defendants have not pointed to any procedural rule requiring this Court to strike Paragraph 12 or Exhibit 1-S. Other district courts have concluded that evidence that is hearsay or not based on personal knowledge should be disregarded in consideration of the merits of the motion to dismiss but not stricken. *See, e.g., 3D Sys. v. Envisiontec, Inc.*, 575 F. Supp. 2d 799, 804 (E.D. Mich. 2008) (concluding that "hearsay statements may not be considered" in resolving a factual Rule 12(b)(1) motion); *Lombard v. MCI Telcoms. Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998) (denying motion to strike but excluding from consideration "those portions of the exhibits that are hearsay, not based on personal knowledge, irrelevant, or otherwise inadmissible."). In accord with the practice of other district courts in the Sixth Circuit, the Court **DENIES** the Defendant's motion to strike this

---

[2]Because the Court has concluded that this evidence is irrelevant under Rule 12(b)(1) and outside the scope of the Court's consideration under Rule 12(b)(6), it need not address the Plaintiff's arguments that the newspaper article is not hearsay because not offered for its truth or under the residual hearsay exception contained in Federal Rule of Evidence 807.

evidence from consideration of the merits of the Defendant's Motion to Dismiss under both Rules 12(b)(1) and 12(b)(6).

The Court will also disregard (but not strike) other portions of the Plaintiff's affidavit and the entirety of Ms. Dillon's affidavit with respect to the Rule 12(b)(6) motion. As stated above, the Plaintiff's only defense of this evidence is a reference to *Rogers*, which does not support the proposition for which the Plaintiff cites it. The Defendants' Motion to Strike is accordingly **GRANTED** in part and **DENIED** in part, and the Court will not consider this evidence in its analysis of the Rule 12(b)(6) motion.

Finally, the Plaintiff asks leave of this Court to file a motion to strike the affidavits of Ronda Clemmons and Eli Martin that the Defendants submitted in support of their Motion to Dismiss in the event the Court strikes or disregards the Plaintiff's evidence (Docs. 18-1 & 18-7). The Plaintiff does not need leave of this Court to file such a motion. The Court notes, however, that the affidavits speak only to the Rule 12(b)(1) motion, and the Court will, as the Plaintiff requests, consider "all exhibits submitted by all parties" relevant to the questions posed under the Defendant's 12(b)(1) motion.

## IV. CONCLUSION

For the reasons stated, the Court **GRANTS** in part and **DENIES** in part the Defendants' Motion to Strike or Disregard, in Part, Affidavit of Arthur Dillon, and to Strike or Disregard Affidavit of Martina M. Dillon (Doc. 24). The Court shall disregard but not strike the evidence at issue.

**IT IS SO ORDERED.**

                                            s/Algenon L. Marbley
                                            **Algenon L. Marbley**
                                            **United States District Court Judge**

**DATE: July 5, 2011**